## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ANASTASIA JOHNSTON, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br> v.<br><br>THOMSON REUTERS AMERICA CORPORATION,<br><br>    Defendant. | Case No. _____<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Anastasia Johnston ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her attorneys, makes the following allegations pursuant to the investigation of her counsel and based upon information and belief, except as to allegations specifically pertaining to herself and her counsel, which are based on personal knowledge.

### NATURE OF ACTION

1. Michigan's Social Security Number Privacy Act ("SSNPA") provides that "a person shall not intentionally . . . publicly display all or more than 4 sequential digits of the social security number" of a person. MCL 445.83(1)(a).

2. MCL 445.82(d) defines "publicly display" as "to exhibit, hold up, post, or make visible or set out for open view, including, but not limited to, open view on a computer device, computer network, website, or other electronic medium

or device, to members of the public or in a public manner."

3. Despite this abundantly clear proscription, Defendant Thomson Reuters America Corporation ("Thomson Reuters" or "Defendant"), publically displays five sequential digits of individuals' social security numbers ("SSNs") through its Thomson Reuters CLEAR and Westlaw PeopleMap platforms.

4. It would be simple for Defendant to provide the very same search tools while complying with the law. Defendant's decision to not do so is an affirmative choice.

5. Accordingly, Plaintiff brings this Class Action Complaint against Thomson Reuters for its intentional and unlawful disclosure of five sequential digits of Michigan residents' SSNs in violation of the SSNPA.[1]

**PARTIES**

6. Plaintiff Anastasia Johnston is a natural person and citizen of the State of Michigan. As shown in **Figure 1** (*supra*), five sequential digits of Plaintiff's SSN

---

[1] Plaintiff acknowledges that an action with similar claims was previously brought in Michigan State Court in *Nyman v. Thomson Reuters*, in which the plaintiff alleged violations of the SSNPA. There, the trial court dismissed the complaint without prejudice, the Michigan Court of Appeals later affirmed the dismissal, and the Michigan Supreme Court denied application for leave to appeal. *Nyman v. Thomson Reuters Holdings, Inc.*, 942 N.W.2d 696, 699 (Mich. App. 2019); *id.*, 943 N.W.2d 94 (Mich. 2020). Plaintiff submits that Plaintiff submits that *Nyman*, which is not binding on this Court, was wrongly decided and that the Michigan Supreme Court would decide the issue differently. *Bailey v. V&O Press Co., Inc.*, 770 F.2d 601, 604 (6th Cir. 1985) ("[A] federal court is not bound by lower court determinations if convinced by other data that the state's highest court would determine otherwise.").

were and are publically displayed by Defendant Thomson Reuters America Coproration ("Thomson Reuters" or "Defendant") in response to queries through its Thomson Reuters CLEAR and Westlaw PeopleMap services.

7.     Defendant Thomson Reuters America Corporation is a Delaware corporation with its principal place of business at 610 Opperman Drive, Eagan, Minnesota 55123. Through its Thomson Reuters CLEAR and Westlaw PeopleMap services, Defendant publicly displays five sequential digits of individuals' social security numbers ("SSNs) through its Thomson Reuters CLEAR and Westlaw PeopleMap platforms.

## JURISDICTION AND VENUE

8.     This Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(d) because there are more than 100 class members and the aggregate amount in controversy exceeds $5,000,000, exclusive of interest, fees, and costs, and at least one Class member is a citizen of a state different from Defendant.

9.     This Court has personal jurisdiction over Defendant because Defendant regularly does and solicits business in this District; Defendant persistently publicly displays five sequential digits of the SSNs of thousands of individuals whom Defendant knows to reside in this District; and Defendant derives substantial revenue from services rendered in this District. As shown by the addresses listed in

3

**Figure 1,** Defendant knew Plaintiff resided in this District when Defendant made five sequential digits of Plaintiff's SSN publicly available.

10.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Plaintiff resides in this judicial District, Defendant does substantial business in this judicial District, and a substantial part of the events giving rise to Plaintiff's claims took place within this judicial District.

## FACTUAL BACKGROUND

11.     Defendant is a provider of online "people search" (also known as "people finder") services.  People search companies, like Defendant, specialize in compiling vast amounts of information about individuals from various sources, such as public records, social media, court documents, and more.  Defendant's platforms allow users to access "both surface and deep web data to examine intelligence" about people "not found in public records or traditional search engines."[2]

12.     Through its Thomson Reuters CLEAR and Westlaw PeopleMap platforms, Defendant has publicly displayed five sequential digits of thousands of Michigan residents' SSNs:

---

[2] Exhibit 1, McKenzie Funk, *How ICE Picks Its Targets in the Surveillance Age,* N.Y. TIMES (Oct. 3, 2019) https://www.nytimes.com/2019/10/02/magazine/ice-surveillance-deportation.html.
*See also* Exhibit 2, https://legal.thomsonreuters.com/en/products/clear (last visited Apr. 29, 2026);
Exhibit 3, https://legal.thomsonreuters.com/en/c/peoplemap-on-westlaw (last visited Apr. 29, 2026).

4

**Figure 1: Sample CLEAR report**[3]



**Figure 2: Plaintiff's PeopleMap Results**[4]



---

[3] Exhibit 4, https://legal.thomsonreuters.com/en/products/clear-investigation-software/clear-for-insurance-investigations (last visited Apr. 29, 2026).

[4] Note, all included personal information has been redacted herein for privacy preservation but is not redacted on Defendant's platform(s).

## CLASS ACTION ALLEGATIONS

13.    Plaintiff seeks to represent a class defined as "all Michigan residents who, at any point during the relevant limitations period, had 5 or more sequential digits of their social security number publicly displayed by Defendant on its Thomson Reuters CLEAR and Westlaw PeopleMap platforms (the "Class")." Excluded from the Class is any entity in which Defendant has a controlling interest, and officers or directors of Defendant.

14.    Plaintiff reserves the right to modify the Class definition, including by using subclasses, as appropriate based on further investigation and discovery obtained in the case.

15.    **Numerosity:** The Class is composed of at least thousands of individuals, the joinder of which in one action would be impracticable.   The disposition of their claims through this class action will benefit both the parties and the Court.

16.    **Existence and Predominance of Common Questions of Fact and Law:** There is a well-defined community of interest in the questions of law and fact involved affecting the members of the proposed Class.   The questions of law and fact common to the proposed Class predominate over questions affecting only individual Class Members.   Such questions include, but are not limited to, the following: whether Defendant violated MCL 445.83(1)(a); and whether Plaintiff and

6

Class Members are entitled to damages, reasonable attorneys' fees, pre-judgment interest and costs of this suit, pursuant to MCL 445.86(2).

17.     **Typicality:** The claims of the named Plaintiff are typical of the claims of the Class because Plaintiff, like all other Class Members, had five sequential digits of her SSN publicly displayed by Defendant.

18.     **Adequacy:** Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the Class she seeks to represent, she has retained competent counsel experienced in prosecuting class actions, and she intends to prosecute this action vigorously. The interests of the Class will be fairly and adequately protected by Plaintiff and her counsel.

19.     **Superiority:** The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class. Each individual Class Member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on

the issue of Defendant's liability.  Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.  Finally, Defendant has acted or refused to act on grounds generally applicable to the entire Class, thereby making it appropriate for this Court to grant final injunctive relief and declaratory relief with respect to the Class as a whole.

## CAUSE OF ACTION
### Violation of Michigan Social Security Number Privacy Act (SSNPA) MCL 445 *et seq.*

20.    Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

21.    Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant.

22.    MCL 445.83(1)(a) provides that "a person shall not intentionally ... publicly display all or more than 4 sequential digits of the social security number" of a person.

23.     MCL 445.82(d) defines "publicly display" as "to exhibit, hold up, post, or make visible or set out for open view, including, but not limited to, open view on a computer device, computer network, website, or other electronic medium or device, to members of the public or in a public manner."

8

24.     As shown in Figures 1 and 2 (*supra*), Defendant knowingly publicly displays 5 sequential digits of the social security number of individuals in its Thomson Reuters CLEAR and Westlaw PeopleMap platforms.

25.     MCL 445.86 (2) provides that "An individual may bring a civil action against a person who violates [MCL 445.83] and may recover actual damages. If the person knowingly violates [MCL 445.83], an individual may recover actual damages or $1,000.00, whichever is greater. If the person knowingly violates [MCL 445.83], an individual may also recover reasonable attorney fees."

26.     More than 60 days before filing this action, Plaintiff, on behalf of herself and the putative class, made a written demand to Defendant for its violation of MCL 445.83.  A copy of this demand is attached hereto as Exhibit 5.

27.     Thomson Reuters had knowledge that its conduct violates this act, because it was previously sued for violations of MCL 445.83.

28.     By publicly displaying five sequential digits Plaintiff's and the Class's SSNs during the relevant pre-July 31, 2016 time period, Defendant violated Plaintiff's and the Class's statutorily protected right to privacy.

29.     As a result of Defendant's knowing and unlawful public display of five sequential digits of their SSNs, Plaintiff and the members of the Class have suffered invasions of their statutorily protected right to privacy (afforded by the SSNPA).  On behalf of herself and the Class, Plaintiff seeks: (1) $1,000.00 per Class member; and

(2) costs and reasonable attorneys' fees pursuant to pursuant to MCL 445.86(2).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks a judgment against Defendant as follows:

A. For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class and Plaintiff's attorneys as Class Counsel to represent the Class;

B. For an order declaring that Defendant's conduct as described herein violated Michigan's Social Security Number Privacy Act ("SSNPA");

C. For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

D. For an award of $1,000 to Plaintiff and each Class member, as provided by MCL 445.86(2);

E. For prejudgment interest on all amounts awarded; and

F. For an order awarding Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit.

## JURY DEMAND

Plaintiff demands a trial by jury on all causes of action and issues so triable.

Dated: April 30, 2026                    Respectfully submitted,

**CHRISTINE KOESTER**,

/s/ *E. Powell Miller*
E. Powell Miller (P39487)
Dennis A. Lienhardt (P81118)
Gregory A. Mitchell (P68723)

**THE MILLER LAW FIRM, P.C.**
950 W. University Drive, Suite 300
Rochester, MI 48307
Tel: 248-841-2200
epm@millerlawpc.com
dal@millerlawpc.com
gam@millerlawpc.com

Philip L. Fraietta
Matthew A. Girardi
**BURSOR & FISHER, P.A.**
50 Main St.
Ste. 475
White Plains, NY 10606
Tel: (914) 874-0708
Fax: (914) 206-3656
pfraietta@bursor.com
mgirardi@bursor.com

*Counsel for Plaintiff*
*and the Putative Class*

11